Pasquale ANNONI, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1544.

United States Court of Veterans Appeals.

Oct. 4, 1993.

Jeanne A. Kennedy, Hillsdale, MI, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, FARLEY and MANKIN, Judges.

FARLEY, Judge:

This is an appeal from an October 2, 1990, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to service connection for an acquired psychiatric disorder. A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). On May 11, 1992, appellant, through counsel, filed a brief. On July 29, 1993, the Secretary filed a motion to vacate the BVA decision and remand the appeal, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on this motion. As grounds for the motion, the Secretary contended that the BVA (1) failed to provide adequate reasons or bases

for its decision, to include (a) a discussion of the evidence of record in the context of the two-step process for determining whether to reopen a finally disallowed claim as set forth by this Court in *Manio v. Derwinski*, 1 Vet.App. 140 (1991), and further defined in *Colvin v. Derwinski*, 1 Vet. App. 171 (1991), and (b) a discussion of the benefit of the doubt standard under 38 U.S.C.A. § 5107(b) (West 1991); and (2) failed to address appellant's allegation of prejudicial bias under 38 C.F.R. §§ 3.103 and 4.23 (1992). *See* Secretary's Mot. at 4–5. On August 16, 1993, appellant filed a response in opposition to the Secretary's motion. Specifically, appellant contends that the issues raised by this appeal concern legal questions of first impression, rather than factual questions, which should be resolved by this Court and which are not appropriate for summary disposition. Additionally, appellant asserts that the BVA committed clear and unmistakable error (CUE) in its earlier decisions. For the reasons set forth below, the Court will deny the Secretary's motion and affirm the BVA decision.

## I. BACKGROUND

Appellant had active service in the United States Air Force from November 1973 to July 1974. R. at 1. Prior to entering service, in July and August 1973, he was hospitalized and received a final diagnosis of "schizophrenia, paranoid type, with remission." R. at 28, 108. His enlistment examination included a neuropsychiatric consultation which was negative for a neuropsychiatric condition and he was deemed qualified for service. R. at 3. In June 1974, appellant's supervisor referred him for psychiatric evaluation because he was having difficulties in carrying out his duties as the result of obsessional thinking, compulsive rituals, and difficulty in relating to patients and coworkers. R. at 44–45. Appellant was diagnosed with schizophrenia, paranoid type, and he was recommended for separation. R. at 9. In December 1975, the BVA denied appellant's claim for service connection for an acquired psychiatric disorder on the grounds that his schizophrenia, paranoid type, preexisted

service; that the presumption of soundness upon entrance into service was rebutted; and that the preexisting schizophrenic reaction was not aggravated by active service. R. at 43–47. In January 1989, the BVA again denied appellant's claim for service connection for an acquired psychiatric disorder. In that decision, the BVA reviewed the evidence of record submitted after the December 1975 decision, which included duplicate medical records, an April 1987 Veterans' Administration (now Department of Veterans Affairs) (VA) examination report, an August 1987 letter from a social worker, and testimony of appellant, his wife, and a friend concerning his condition before and after service, along with the evidence of record at the time of the earlier BVA decision, and determined that there was no new factual basis for service connection. R. at 278–84.

In August 1989, appellant attempted to reopen his claim by submitting a letter from his wife concerning the aggravation of his psychiatric condition during his period of service. R. at 285–87. In November 1989, appellant underwent a VA psychiatric evaluation. The examiner diagnosed appellant with schizophrenic disorder, paranoid type, and also noted:

> It is felt that the separation from his mother early in his infancy is a significant stressor, and resulted in psychiatric treatment prior to the military service. The military career consisted mostly of basic training at Lackland Air Force and training at Shepherd [sic] Air Force Base as a Medical Technician, [which] would not ordinarily be considered particularly stressful.

R. at 295.

In December 1989, the Regional Office (RO) denied appellant's claim on the ground that his service clinical records did not substantiate aggravation of his disability during service. R. at 296. Appellant filed a Notice of Disagreement in January 1990. R. at 300. In February 1990, he was provided with a Statement of the Case (SOC). R. at 298–302. In the SOC, the rating specialist stated that "[a] complete review

of [appellant's] file indicates that [appellant] once again is in the appeals system of the Department of Veterans Affairs hoping to ram home his contention of service connection for a nervous condition." R. at 299. In March 1990, appellant submitted a VA Form 1–9 (APPEAL TO BVA); on the form, appellant's wife supplied another personal statement to the effect that appellant's psychiatric condition increased in severity during his period of service. R. at 303–08.

In August 1990, appellant's service representative submitted to the BVA a written presentation on appellant's behalf. At that time, the service representative characterized the statement of the rating specialist in the March 1990 SOC as "obvious bias and blatant evidence of [sic] contradiction to the provisions of 38 C.F.R. [§§] 3.103 and 4.23." Supplemental R. at 1–2. In its October 2, 1990, decision, the BVA determined that no new and material evidence had been presented to reopen appellant's claim, noting that "[t]he Board of Veterans' Appeals decision of January 1989 is final, and a new factual basis has not been presented which establishes that an acquired psychiatric disorder was incurred in or aggravated by service." *Pasquale Annoni*, BVA __, at 5 (Oct. 2, 1990). A timely appeal to this Court followed.

## II. ANALYSIS

### A. New and Material Evidence

■ Contrary to appellant's contentions in his opposition to the Secretary's motion, *see* Appellant's Resp. at 2, the law concerning the reopening of a finally disallowed claim is well settled. Pursuant to 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this finality rule is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1

Vet.App. 251, 253 (1991); *see also Suttmann v. Brown*, 5 Vet.App. 127, 135–36 (1993) (applying to claims finally denied by RO under section 7105(c) the section 5108 provisions for reopening claims finally denied by BVA upon the submission of new and material evidence). Therefore, once a BVA decision becomes final under section 7104(b), absent the submission of new and material evidence, the claim cannot be reopened or readjudicated by the VA. 38 U.S.C.A. § 5108; *see also McGinnis v. Brown*, 4 Vet.App. 239, 243–45 (1993) (reopening or readjudication of a finally denied claim by the RO or the BVA in the absence of new and material evidence must be considered "in excess of statutory jurisdiction, authority, [and] limitations," and will be held "unlawful and set aside.")

■ In *Manio*, 1 Vet.App. 140, issued after the BVA's decision on appeal to this Court, this Court established that the BVA must perform a two-step analysis when a veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). This Court has defined new evidence as that which is not "merely cumulative of other evidence on the record" and material evidence as that which is "relevant [to] and probative of the issue at hand" and which presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both old and new, would change the outcome." *Colvin*, 1 Vet.App. at 174. In applying the first part of the *Manio* test, i.e., whether the evidence is "new and material" for purposes of reopening, the credibility of the evidence is to be presumed. *Justus v. Principi*, 3 Vet.App. 510, 512–13 (1992). The determination of whether evidence submitted to reopen a previously disallowed claim is new and ma-

terial under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo. *See Colvin,* 1 Vet.App. at 174.

■ In the Secretary's motion, he notes that the BVA decision on appeal was issued prior to this Court's articulation, in *Manio* and *Colvin,* of the two-step process for reopening finally disallowed claims. Secretary's Mot. at 4. Accordingly, the Secretary requests that the BVA's decision be vacated and the appeal be remanded to provide the BVA with the opportunity to set forth its reasons or bases in accordance with the new analytical framework. *Id.* However, because the determination of whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo, *see Colvin, supra,* a remand for the BVA to analyze appellant's claim under the two-step process is unwarranted.

■ As noted in part I, the additional evidence added to the record since the BVA's final disallowance of appellant's claim in January 1989 consists of (1) the August 1989 letter from appellant's wife; (2) the report of the November 1989 VA psychiatric evaluation; and (3) the statement of appellant's wife submitted as part of appellant's VA Form 1–9. Both the letter and statement by appellant's wife are not "new" since they are cumulative of other lay testimony previously considered by the BVA in its earlier decisions. *See Colvin, supra; compare* R. at 238–49, 271, 283. Moreover, even if they were new, lay opinions do not constitute competent evidence to address issues requiring expert opinion. *See Espiritu v. Derwinski,* 2 Vet. App. 492, 494–95 (1992). Further, the VA psychiatric evaluation report, although "new," is not "material" because it is not probative of the issue at hand, i.e., whether appellant's preexisting psychiatric disorder was aggravated during service. *See Colvin, supra.* In fact, the report appears to contradict appellant's claim since the examiner specifically noted that appellant's period of service "would not ordinarily be considered particularly stressful." R. at 295. Accordingly, the BVA was correct in determining that appellant has not submitted new and material evidence to reopen his claim.

■ In his motion, the Secretary also requests that the BVA's decision be vacated and the case remanded in order for the BVA to discuss the application of the benefit of the doubt doctrine under 38 U.S.C.A. § 5107(a) (West 1991). However, because appellant has not fulfilled his threshold burden of submitting new and material evidence to reopen his finally disallowed claim, the benefit of the doubt doctrine does not need to be applied in this case. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 55 (1990) (noting that the benefit of the doubt rule does not apply during the process of gathering evidence and that it does not shift from the claimant to the Secretary the initial burden to submit a facially valid claim). Accordingly, a remand is not warranted on this issue.

**B. Prejudicial Bias**

■ As noted in part I, the February 1990 SOC issued after the December 1989 denial of appellant's claim by the RO contains the following statement: "A complete review of [appellant's] file indicates that [appellant] once again is in the appeals system of the Department of Veterans Affairs hoping to ram home his contention of service connection for a nervous condition." R. at 299. Relying on this statement, appellant has raised before both the BVA and this Court the issue of prejudicial bias in contravention of VA's regulations. *See* Supplemental R. at 2; *see also Chisem v. Brown,* 4 Vet.App. 169, 176–77 (1993) (BVA must review all issues which are reasonably raised by a liberal reading of appellant's substantive appeal). The BVA, however, did not address this issue in its October 1990 decision.

Section 3.103 of title 38 of the Code of Federal Regulations, entitled "Procedural due process and appellate rights," provides in pertinent part:

(a) *Statement of policy.* Every claimant has the right to written notice of the decision made on his or her claim, the

right to a hearing, and the right of representation. Proceedings before VA are ex parte in nature, and it is the obligation of the VA to assist a claimant in developing the facts pertinent to the claim and to render a decision which grants every benefit that can be supported in law while protecting the interests of the Government. . . .

38 C.F.R. § 3.103(a). Section 4.23, entitled "Attitude of rating officers," provides:

It is to be remembered that the majority of applicants are disabled persons who are seeking benefits of law to which they believe themselves entitled. In the exercise of his or her functions, rating officers must not allow their personal feelings to intrude; an antagonistic, critical, or even abusive attitude on the part of a claimant should not in any instance influence the officers in the handling of the case. Fairness and courtesy must at all times be shown to applicants by all employees whose duties bring them in contact, directly or indirectly, with the Department's claimants.

38 C.F.R. § 4.23.

The author of the February 1990 SOC certainly appears to have allowed his personal feelings to interfere with the responsibilities at hand and, in so doing, to have violated the spirit, if not the letter, of 38 C.F.R. §§ 3.103(a) and 4.23. Such commentary on the part of VA personnel undermines the ex parte nature of the VA adjudication process. However, while recognizing the shortcomings of the February 1990 SOC, there is no evidence that the statement in any way influenced or impaired the decision-making process of the RO or the BVA. Therefore, while this Court in no way condones the statement of the rating specialist included in the SOC, there is no indication that the statement constitutes prejudicial error warranting a reversal or remand. Accordingly, we conclude that any error by the BVA in failing to address and adjudicate the issue of prejudicial bias must be considered harmless. *See* 38 U.S.C.A. § 7261(b) (West 1991) (requiring Court to take due account of rule of prejudicial error).

## C. Clear and Unmistakable Error

Lastly, before this Court, appellant raises for the first time the issue of CUE in the previous decisions of the RO and BVA. In order for there to be a valid claim of CUE, there must have been · an error in the prior adjudication of the claim; either the correct facts, as they were known at the time of the earlier adjudication, must not have been before the adjudicator or the statutory or regulatory law extant at the time must have been incorrectly applied. *Russell v. Principi*, 3 Vet. App. 310, 313 (1992) (en banc). This Court, however, cannot consider a CUE claim which is raised before this Court for the first time. *Id.* at 315; *see also Chisem*, 4 Vet.App. at 176–77 ("Without a final adjudication by the BVA on this issue [of CUE], the Court does not have jurisdiction to review it at this time."). Here, because the issue of CUE was not previously raised before the BVA, it is not properly before this Court for review. *See Russell, supra.*

## III. CONCLUSION

Upon consideration of the record and the filings of the parties, the Court denies the Secretary's motion in its entirety and affirms the BVA's October 2, 1990, decision which determined that no new and material evidence has been submitted to reopen appellant's claim.