Donald R. HENDERSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1079.

United States Court of Veterans Appeals.

Nov. 16, 1993.

Naomi Avendano, Chicago, IL, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the brief for appellee.

Before FARLEY, MANKIN and IVERS, Judges.

FARLEY, Judge:

Appellant, Donald R. Henderson, appeals from an April 23, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which denied the reopening of his claim for service connection for schizophrenia because new and material evidence had not been submitted. *See Donald R. Henderson,* BVA No. 92–09604, at 5 (Apr. 23, 1992). A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). On consideration of the parties' briefs and the record on appeal, the Court will affirm the BVA decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant served on active duty from November 16, 1942, to February 28, 1946. R. at 13. In 1952, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) found that appellant suffered from schizophrenia, catatonic type, but denied service connection. R. at 89. Similar denials of service connection followed in 1955, 1956, and 1961. R. at 97, 110, 150. On January 29, 1962, the BVA rendered a decision which found that service connection was not warranted for appellant's schizophrenia. R. at 156–58.

In a rating decision dated October 30, 1989, the RO denied appellant's request to reopen his claim, finding that new and material evidence had not been submitted with regards to the claim for service connection for "a nervous condition." R. at 402–03. On January 24, 1990, appellant requested that his claim for service connection for his mental condition be reopened "based on Dr. Governale's letter dated Jan. 31, 1961." R. at 404. On April 30, 1990, the RO confirmed the refusal to reopen for lack of new and material evidence. R. at 406. On November 13, 1990, appellant appeared before a VA hearing officer, who later affirmed the 1989 rating decision that new and material evidence had not been submitted. *See* R. at 410–13, 416–18. On appeal, the BVA determined that appellant had not submitted new and material evidence to reopen his claim for service connection for a nervous disorder, including schizophrenia, and thus denied the reopening of appellant's claim. *Henderson,* BVA No. 92–09604, at 3–5.

## II. APPLICABLE LAW AND ANALYSIS

### A. New and Material Evidence

Pursuant to 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991), which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski,* 1 Vet. App. 251, 253 (1991). Therefore, once a BVA decision becomes final under section 7104(b), absent the submission of new and material evidence, the claim cannot be reopened or readjudicated by the VA. 38 U.S.C.A. §§ 5108, 7104(b); *see also McGinnis v. Brown,* 4 Vet.App. 239, 243–45 (1993). Evidence is new when not merely cumulative of other evidence in the record, and material when relative to and probative of the issue at hand, and of sufficient weight to present a reasonable possibility that the new evidence, when viewed in conjunction with the old, would change the disposition of the claim. *See Sklar v. Brown,* 5 Vet.App. 140, 145 (1993); *Cox v. Brown,* 5 Vet.App. 95, 98 (1993); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991); *see also Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). Whether evidence

is new and material is a question of law this Court reviews de novo. *Spencer v. Brown*, 4 Vet.App. 283, 287 (1993); *see* 38 U.S.C.A. § 7261(a)(1) (West 1991).

■ The sole issue before this Court is whether new and material evidence has been submitted since the 1962 final BVA decision. The only post–1962 evidence relevant to the issue of service connection for schizophrenia is the transcript of appellant's oral testimony before a VA hearing officer in 1990. *See* R. at 410–13. As the BVA stated, "The only evidence that is remotely both new and material is the veteran's testimony that, shortly after service, a Dr. Sam Bomanelli treated him for a nervous condition." *Henderson*, BVA No. 92–09604, at 4. The typed transcript of appellant's 1990 hearing does indicate that appellant testified that he was treated by a "Dr. Sam Bomanelli" soon after his time in service. R. at 410 (underlining in original). Appellant further testified that Dr. Bomanelli had since passed away, but that he had contacted a Sam Bomanelli of Houston, Texas, who was the brother or son of the Dr. Sam Bomanelli who had treated him years earlier at St. Bernard's Hospital. R. at 412. However, as the Secretary argues, appellant's counsel recognizes, and a careful and complete review of the record reveals, there is a serious question as to whether appellant was ever treated by a Dr. Sam Bomanelli, or whether the references to Dr. Sam Bomanelli in the transcript of appellant's oral testimony actually refer to Dr. Sam Governale, one of appellant's physicians whose records were previously considered by the BVA. *See* Secretary's Br. at 12–14; Appellant's Reply Br. at 1 (stating it "may be true" that "Dr. Bomanelli" is Dr. Governale). Included in those records was Dr. Governale's letter of January 31, 1961, which appellant explicitly used in an attempt to secure reopening of his claim in 1989. *See* R. at 143, 404.

The Court initially notes that, unlike the references to Drs. Fox and Anderson, the name "Bomanelli" was inexplicably underlined by the transcriber each time it appeared in the transcript of appellant's testimony, thus giving rise to at least an inference of uncertainty. *See* R. at 410–13. Further, other than the transcription of appellant's testimony before the hearing officer in 1990, the record contains no mention by appellant of, nor reference in any other evidence to, a Dr. Sam Bomanelli; the record does contain, however, numerous references to Dr. Sam Governale. *See* R. at 140 (letter from appellant's then wife recalling appellant's treatment by Dr. Governale); R. at 143 (1961 letter from Dr. Sam Governale); Supplemental R. at 6–7 (Dr. Governale's medical records); R. at 145 (1961 letter from appellant referencing Dr. Governale three times); R. at 172 (appellant's 1968 signed form authorizing Dr. Sam Governale to release his records); R. at 176 (appellant's 1973 testimony before VA hearing officer referring to Dr. Sam "Grouvenelli"); R. at 331 (1982 letter of appellant recalling treatment by Dr. "Govanelli" at St. Bernard's Hospital); R. at 404 (appellant's 1990 statement seeking reopening his claim based on Dr. Governale's 1961 letter); R. at 416–18 (1990 decision of hearing officer referring only to Drs. "Guvernale," Anderson, and Fox); R. at 424 (appellant's 1990 appeal to BVA discussing Dr. Sam Governale); R. at 427 (appellant's chronology of events in support of his 1990 appeal referencing treatment by Drs. Governale, Anderson, and Fox). Despite these numerous references in the record to Dr. Governale, most of which were presented by appellant himself, conspicuously absent from the transcript of appellant's 1990 testimony before the hearing officer is any reference to Dr. Governale. *See* R. at 410–13. It is also significant that the hearing officer, who presided over the hearing and heard appellant's testimony in person, mentioned five doctors by name in his decision, including "Dr. Guvernale," but made no mention of a "Dr. Bomanelli." R. at 416–18. Lastly, the transcript indicates that appellant testified that "right after service I got condition and the calling of doctor Sam Bomanelli and he was giving me medication *there were letters written by him and there were denials on it . . . .*" R. at 410 (underlining in original) (emphasis added). Yet, while the record does contain letters and records of Dr. Governale, and RO and BVA refusals to reopen upon the basis of such evidence, there is no letter of record

written by a Dr. Bomanelli and no BVA or RO denial based upon such evidence.

Under these circumstances, it is highly unlikely that appellant was treated by both a Dr. Sam Bomanelli and a Dr. Sam Governale during the same time period at St. Bernard's Hospital; it is much more probable that the reference to "Dr. Sam *Bomanelli*" was a transcription error and thus cannot be considered evidence, much less new and material evidence which would warrant reopening appellant's claim under 38 U.S.C.A. § 5108. Nevertheless, even if the Court were to assume that appellant was treated at St. Bernard's Hospital by both a Dr. Sam Governale and a Dr. Sam Bomanelli "right after service" (R. at 410), the BVA previously considered evidence of Dr. Governale's report of appellant's visit to the emergency room at St. Bernard's Hospital in its 1962 decision. *See* R. at 156–57. As this Court has stated regarding attempts to reopen based on corroborating evidence, at some point "the evidence being proffered has been fairly considered and ... further rearticulation of already corroborated evidence is, indeed, cumulative." *Paller v. Principi*, 3 Vet.App. 535, 538 (1992). Such would be the case here. For these reasons, the Court concludes that the references in the transcript to treatment by a "Dr. Sam *Bomanelli*" are insufficient to meet the standard for new and material evidence under *Colvin* and its progeny: evidence which is not "merely cumulative of other evidence on the record," evidence which is "relevant [to] and probative of the issue at hand," and evidence which presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both old and new, would change the outcome." *Colvin*, 1 Vet.App. at 174; *see also Sklar*, 5 Vet.App. at 145; *Cox*, 5 Vet. App. at 98.

**B. Clear and Unmistakable Error**

■ Appellant raises the issue of clear and unmistakable error (CUE) in the 1952 RO and 1962 BVA decisions for the first time before this Court. *See* Appellant's Br. at 23–24; Appellant's Reply Br. at 3–5. However, as we held in *Russell*, this Court is precluded from reviewing CUE claims which have not been properly raised to and adjudicated by the Board. *See Russell v. Principi*, 3 Vet. App. 310, 315 (1992) (en banc). "The necessary jurisdictional 'hook' for this Court to act is a decision of the BVA on the specific issue of 'clear and unmistakable error.'" *Id.* Since appellant raised this claim for the first time in his informal brief, and had not presented the claim to the BVA, there is no "jurisdictional hook" which would permit the Court to consider the issue even for purposes of remand. *See Chisem v. Brown*, 4 Vet. App. 169, 176 (1993) (this Court lacks jurisdiction to review CUE absent a final adjudication by the BVA on that issue); *Annoni v. Brown*, 5 Vet.App. 463 (1993). This decision of the Court today, however, does not prejudice appellant's right to appropriately raise a claim of CUE in the first instance before the RO.

## III. CONCLUSION

Upon consideration of the record and the parties' briefs, the Court holds that appellant has not submitted new and material evidence which would justify a reopening of his claim for service connection for schizophrenia. Accordingly, the April 23, 1992, decision of the Board of Veterans' Appeals is AFFIRMED.