Citation Nr: 1138400 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 09-45 723 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Whether new and material evidence has been received to reopen a claim of entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Appellant and J.H.


ATTORNEY FOR THE BOARD

T. Sherrard, Associate Counsel
INTRODUCTION

The Veteran had active service from March 1978 to April 1978. 

This matter comes before the Board of Veterans' Appeals (Board) from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The Veteran provided testimony at a May 2011 Travel Board hearing before the undersigned Acting Veterans Law Judge, held at the RO. A transcript is associated with the claims folder.

It appears that the RO addressed the psychiatric disorder claim on the merits, at least in part, in its June 2009 rating decision. However, the preliminary question of whether a previously denied claim should be reopened is a jurisdictional matter that must be addressed before the Board may consider the underlying claim on its merits. Barnett v. Brown, 8 Vet. App. 1, 4, (1995), aff'd, Barnett v. Brown, 83 F.3d 130 (Fed. Cir. 1996). Therefore, the initial question before the Board is whether new and material evidence has been presented, and the issue is framed accordingly.


FINDINGS OF FACT

1. An unappealed November 2008 Board decision denied service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).

2. The evidence associated with the claims file subsequent to the November 2008 Board decision was previously submitted for consideration or is cumulative or redundant of evidence already of record, does not relate to an unestablished fact necessary to establish the claim, and does not raise a reasonable possibility of substantiating the psychiatric disorder claim. 



CONCLUSIONS OF LAW

1. The November 2008 Board decision denying service connection for a psychiatric disorder to include PTSD is final. 38 U.S.C.A. § 7266 (West 2002 & Supp. 2010); 38 C.F.R. §§ 20.1100, 20.1104 (2011). 

2. The evidence received subsequent to the November 2008 decision denying service connection for a psychiatric disorder is not new and material, and the claim for service connection for a psychiatric disorder to include PTSD is not reopened. 38 U.S.C.A. § 5108 (West 2002 & Supp. 2010); 38 C.F.R. § 3.156 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating their claims for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2011).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b) (1) (2011). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). In addition, the decision of the United States Court of Appeals for Veterans Claims (Court) in Dingess v. Nicholson, 19 Vet. App. 473 (2006) requires more extensive notice in claims for compensation, e.g., as to potential downstream issues such as disability rating and effective date. 

In claims to reopen, VA must both notify a claimant of the evidence and information that is necessary to reopen the claim and notify the claimant of the evidence and information that is necessary to establish entitlement to the underlying claim for the benefit that is being sought. Kent v. Nicholson, 20 Vet. App. 1 (2006). To satisfy this requirement, the Secretary is required to look at the bases for the denial in the prior decision and to provide the claimant with a notice letter that describes what evidence would be necessary to substantiate those elements required to establish service connection that were found insufficient in the previous denial. 

If complete notice is not provided until after the initial adjudication, such a timing error can be cured by subsequent legally adequate VCAA notice, followed by readjudication of the claim, as in a Statement of the Case (SOC) or Supplemental SOC (SSOC). Moreover, where there is an uncured timing defect in the notice, subsequent action by the RO which provides the claimant a meaningful opportunity to participate in the processing of the claim can prevent any such defect from being prejudicial. Mayfield v. Nicholson, 499 F.3d 1317, 1323-24 (Fed. Cir. 2007); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

The United States Supreme Court has held that an error in VCAA notice should not be presumed prejudicial, and that the burden of showing harmful error rests with the party raising the issue, to be determined on a case-by-case basis. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). The Veteran has not demonstrated any prejudicial or harmful error in VCAA notice, and the Board has identified none.

In March 2009, VA sent the Veteran a letter informing him of the types of evidence needed to substantiate his claim and its duty to assist him in substantiating his claim under the VCAA. The letter informed the Veteran that VA would assist him in obtaining evidence necessary to support his claim, such as medical records, employment records, or records from other Federal agencies. The Veteran was advised that it is his responsibility to provide or identify, and furnish authorization where necessary for the RO to obtain, any supportive evidence pertinent to his claim. See 38 C.F.R. § 3.159(b) (1). Although no longer required, the appellant was also asked to submit evidence and/or information in his possession to the RO. The letter also describes how VA determines disability ratings and effective dates.

The content of the March 2009 letter did not fully comply with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), as later amended, regarding VA's duty to notify and assist. However, the Board finds that any error in notice is non-prejudicial. Although the Veteran did not receive Kent notice until after initial adjudication of the claim, it is clear that he was provided with the opportunity to participate in the processing of his claim so as to render any defect in notice non-prejudicial. For example, the June 2009 rating decision, November 2009 SOC, and December 2009 SSOC explained the basis for the RO's action, and the SOC and SSOC provided him with additional 60-day periods to submit more evidence. In addition, the Veteran has demonstrated through his testimony at the Board hearing and submission of statements and additional evidence that he was aware of the type of evidence required to substantiate his claim. Finally, the claim was readjudicated in the November 2009 SOC after the Veteran was advised of the new and material evidence requirements in the June 2009 rating decision. 

It appears that all obtainable evidence identified by the Veteran relative to his claim has been obtained and associated with the claims file, and that neither he nor his representative has identified any other pertinent evidence, not already of record, which would need to be obtained for a fair disposition of this appeal. The Veteran has been provided with every opportunity to submit evidence and argument in support of his claim, and to respond to VA notices. Moreover, the Veteran has demonstrated knowledge of, and has acted upon, the information and evidence necessary to substantiate the pending claim. See, e.g., Dalton v. Nicholson, 21 Vet. App. 23, 30 (2007) (Court was convinced that the appellant and representative had demonstrated actual knowledge of the information and evidence necessary to establish the claim). 

With regard to VA's duty to assist, VA obtained the Veteran's available service treatment records, treatment records from the Dallas VA Medical Center (MC) and Fort Worth Outpatient Clinic, and private treatment records. Although a VA examination was not conducted with respect to the Veteran's claim, VA is not required to obtain an examination for a claim to reopen a finally decided decision. See 38 C.F.R. § 3.159(c).

Accordingly, VA has satisfied its duty to assist the Veteran in apprising him as to the evidence needed, and in obtaining evidence pertinent to his claim under the VCAA. Therefore no useful purpose would be served in remanding this matter for yet more development. Such a remand would result in unnecessarily imposing additional burdens on VA, with no additional benefits flowing to the Veteran. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

"New" evidence is defined as evidence not previously submitted to agency decision-makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2011).

In order for evidence to be sufficient to reopen a previously disallowed claim, it must be both new and material. If the evidence is new, but not material, the inquiry ends and the claim cannot be reopened. See Smith v. West, 12 Vet. App. 312, 314 (1999). If it is determined that new and material evidence has been submitted, the claim must be reopened. The VA may then proceed to evaluate the merits of the claim on the basis of all evidence of record, but only after ensuring that the duty to assist the veteran in developing the facts necessary for his claim has been satisfied. See Elkins v. West, 12 Vet. App. 209 (1999), but see 38 U.S.C.A. § 5103A (eliminating the previous requirement of a well-grounded claim).

In determining whether evidence is "new and material," the credibility of the new evidence must be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). Further, the Court addressed the issue of what a "reasonable possibility of substantiating the claim" means. Shade v Shinseki, 24 Vet. App. 110 (2010). The court held that the post-VCAA version of 3.156 (a) establishes a "low threshold" for reopening - one that does not require that the claimant submit a medical opinion to reopen the claim. Rather the new evidence of current disability in connection with the prior evidence raises a reasonable possibility of substantiating the claim, and the element of nexus could be established by providing a VA examination, which is part of VA's duty to assist. The intent of the regulations is to "enable" reopening rather than "preclude" it. However, lay assertions of medical causation cannot serve as the predicate to reopen a claim under section 5108. See Moray v. Brown, 5 Vet. App. 211, 214 (1993).

In December 2003, the Veteran raised a claim of entitlement to service connection for a mental condition. This claim was denied in a January 2004 rating decision. The Veteran filed an appeal, and the Board denied the claim in a November 2008 decision. The Veteran did not appeal the claim to the Court, so the Board's decision is final. See 38 U.S.C.A. § 7266; 38 C.F.R. §§ 20.1100, 20.1104. In January 2009, the Veteran filed a request to reopen his claim for service connection for a psychiatric disorder, to include PTSD; that request was denied in June 2009. Thus, the threshold issue for consideration is whether new and material evidence has been received to reopen the claim. 

The evidence of record at the time of the last final November 2008 Board decision denying the Veteran's claim of entitlement to service connection for a psychiatric disorder included service treatment records, VAMC records, buddy statements, and a stressor statement. Evidence added to the record since the time of the last final denial in November 2008 includes updated outpatient records from the Dallas VAMC and Fort Worth OPC and testimony from the Veteran and J.H. at a May 2011 Board hearing. 

The evidence added to the record since the previous November 2008 denial does not constitute new and material evidence. The VAMC records show ongoing treatment for mental health problems, but contain no nexus opinions. The Veteran reiterated his claimed stressors at the Board hearing, and his friend, J.H., testified regarding his psychiatric symptoms, to include nightmares and hallucinations. Thus, none of this evidence addresses the existence of a nexus between the current disorder and active service, which is the unestablished fact necessary to substantiate the claim. Further, the newly submitted evidence is redundant, as there have been previous records containing a diagnoses of psychiatric disorders and descriptions of his stressors. The Veteran's testimony and that of J.H. is new, but essentially duplicative of his assertions made prior to the November 2008 Board decision. As such, it does not raise a reasonable possibility of substantiating the psychiatric disorder claim. Therefore, the Board finds that the criteria under 38 C.F.R. § 3.156(a) have not been satisfied, and the claim cannot be reopened. 

As new and material evidence to reopen a finally disallowed claim has not been submitted, the benefit of the doubt doctrine is not applicable. Annoni v. Brown, 5 Vet. App. 463, 467 (1993). Thus, the decision remains final, and the appeal is denied.


ORDER

New and material evidence having not been submitted, the request to reopen the claim of entitlement to service connection for an acquired psychiatric disorder to include PTSD is denied. 



____________________________________________
J. MACIEROWSKI
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs