Citation Nr: 1406905 
Decision Date: 02/18/14 Archive Date: 03/04/14

DOCKET NO. 09-24 903 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for a psychiatric disorder (claimed as a nervous condition). 

2. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for a right shoulder disorder.


REPRESENTATION

Appellant represented by: James Brakewood, Agent 


ATTORNEY FOR THE BOARD

T. S. Willie, Counsel


INTRODUCTION

The Veteran served on active duty from August 1968 to August 1970. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision by the Huntington , West Virginia, Regional Office (RO) of the Department of Veterans Affairs (VA). The claims were certified by the Regional Office in Roanoke, Virginia. 

This case was remanded for further development in May 2011. 


FINDINGS OF FACT

1. Service connection for a psychiatric disorder was last denied in a September 2005 rating decision. The Veteran did not appeal that decision or submit new and material evidence within the one year appeal period. 

2. The evidence added to the record since the September 2005 decision with regards to a psychiatric disorder is cumulative or redundant of the evidence previously of record and does not relate to an unestablished fact necessary to substantiate the claim. 

3. Service connection for a right shoulder disability was last denied in an August 2007 rating decision. The Veteran did not appeal that decision or submit new and material evidence within the one year appeal period. 

4. The evidence added to the record since the August 2007 decision with regard to the right shoulder is cumulative or redundant of the evidence previously of record and does not relate to an unestablished fact necessary to substantiate the claim. 



CONCLUSIONS OF LAW

1. The September 2005 decision denying entitlement to service connection for a psychiatric disorder is final. New and material evidence to reopen the claim for service connection for a psychiatric disorder has not been received. 38 U.S.C.A. §§ 5103A, 5108 (West 2002 and Supp. 2013); 38 C.F.R. §§ 3.156 (a), 3.159 (2013).

2. The August 2007 decision denying entitlement to service connection for a right shoulder disability is final. New and material evidence to reopen the claim for service connection for a right shoulder disability has not been received. 38 U.S.C.A. §§ 5103A, 5108; 38 C.F.R. §§ 3.156 (a), 3.159.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met with regard to the issue decided herein. There is no issue as to providing an appropriate application or the completeness of the application. By correspondence dated in February 2008, August 2011 and February 2013, VA advised the Veteran of the information and evidence needed to substantiate a claim. The letters provided notice of what part of that evidence is to be provided by the claimant, and what part VA will attempt to obtain. The Veteran was also provided information regarding the assignment of disability ratings and effective dates. 
 
VA has also satisfied its duty to assist. The claims folder contains service treatment records, VA medical records, VA examinations and identified private medical records. No additional pertinent records are shown to be available, and the appellant does not argue otherwise.

For the foregoing reasons, the Board concludes that all reasonable efforts were made by VA to obtain evidence necessary to substantiate the claim. No further assistance to the Veteran with the development of evidence is required. 38 U.S.C.A. § 5103A(a)(2); 38 C.F.R. § 3.159(d). Accordingly, the Board will address the merits of the claims. 

Analysis

Generally, a claim which has been denied in an unappealed rating decision decision may not thereafter be reopened and allowed. 38 U.S.C.A. § 7105(c). An exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). Evidence that is merely cumulative of other evidence in the record cannot be new and material even if that evidence had not been previously presented to the Board. Anglin v. West, 203 F.3d 1343, 1347 (2000). In deciding whether new and material evidence has been submitted the Board looks to the evidence submitted since the last final denial of the claim on any basis. Evans v. Brown, 9 Vet. App. 273, 285 (1996).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Id. at 117. 

The Veteran appeals a rating decision which declined to reopen the claims of entitlement to service connection for psychiatric and right shoulder disorders. In April 1975, he submitted a claim for service connection for a right shoulder disability. In a May 1975 rating decision, entitlement to service connection for a right shoulder injury was denied. The RO found that the right shoulder injury in service was without residuals. The Veteran was notified of the decision in May 1975. The Veteran did not appeal that decision or submit new and material evidence within the one year appeal period. The decision became final. 38 U.S.C.A. § 7105.
 
In April 1982, the Veteran submitted a claim for service connection for an anxiety disorder. Later that month service connection for a nervous disorder was denied. The RO found that the service treatment records were negative for a nervous disorder. The Veteran was notified of the decision in April 1982, but he did not appeal that decision or submit new and material evidence within the one year appeal period. The decision became final. Id.

Since the final denials in May 1975 and April 1982, the Veteran submitted numerous applications to reopen the claims for entitlement to service connection for psychiatric and right shoulder disabilities. His claims were continually denied and he was notified of the denials. He was most recently denied entitlement to service connection for a nervous disorder in a September 2005 rating decision. He was notified of the decision, but he did not appeal or submit new and material evidence within the one year appeal period. The decision became final. Id.

In an August 2007 rating decision service connection for a right shoulder disability was denied. He was notified of that decision which found that while the Veteran continued to submit evidence showing treatment for a right shoulder disability, the evidence did not establish a nexus between any right shoulder disability and service. The Veteran did not appeal that decision or submit new and material evidence within the one year appeal period. The decision became final. Id.

At the time of the last final denial, the record contained service treatment records showing a right shoulder injury in April 1969 after the Veteran fell from a truck. In post service treatment records and lay statements, he continued to express that his current right shoulder problems were related to this inservice right shoulder injury. The lay statements of record submitted since the last final denial, to include from his sister, discuss the nature and extent of his right shoulder problems. 

Also of record at the time of the last final denial was the claim of entitlement to service connection for a psychiatric disability. Since the last final denial, the Veteran has submitted evidence showing continued treatment for his psychiatric disorder and right shoulder. 

On careful review of the record, the Board finds that new and material evidence to reopen the claims for service connection for a psychiatric disorder and right shoulder disability has not been submitted. The Veteran's claims for service connection were previously denied on the basis that the evidence did not show that either disorder was incurred in or aggravated by service. At the time of the last final denials, the record contained evidence of psychiatric and right shoulder disabilities. The evidence received since the last final denials consists of recent treatment records which show that the Veteran has the claimed disabilities and his assertions of an in service occurrence. 

Although the Veteran has re-submitted evidence showing diagnoses of and continued treatment for psychiatric and right shoulder disorders, this fact had already been established. Therefore, such evidence is cumulative. The Veteran has not submitted any competent evidence showing that either disability is related to service. Because the evidence submitted since the last final decision is cumulative and/or does not relate to an unestablished fact necessary to substantiate the claim for service connection, he has not submitted new and material evidence. Thus, the Board concludes that new and material evidence has not been presented to reopen the claims.

Stated differently, service connection for a psychiatric disorder and right shoulder disability was denied in the past because the evidence failed to show that the disabilities were incurred in or aggravated by service. No material facts have changed. Hence, the claims must be denied.

Because appellant has not fulfilled his threshold burden of submitting new and material evidence to reopen his claim, the benefit of the doubt doctrine cannot be applied in this case. Annoni v. Brown, 5 Vet.App. 463, 467 (1993).



ORDER

New and material evidence has not been received, the claim for entitlement to service connection for a psychiatric disorder is not reopened.

New and material evidence has not been received, the claim for entitlement to service connection for a right shoulder disability is not reopened.




____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs