﻿Citation Nr: AXXXXXXXX
Decision Date: 06/26/19 Archive Date: 06/26/19

DOCKET NO. 180910-62
DATE: June 26, 2019

ORDER

New and material evidence has not been received to reopen a claim of entitlement to service connection for a bilateral hearing loss disability and the application to reopen is denied.

New and material evidence has not been received to reopen a claim of entitlement to service connection for tinnitus and the application to reopen is denied.

FINDINGS OF FACT

1. In an October 2014 rating decision, the RO denied the Veteran’s claims for service connection of a bilateral hearing disability and tinnitus, and although he appealed those determinations, he failed to perfect his appeal thereof and VA did not continue to treat the claims as being on appeal.

2. Evidence received since the final October 2014 rating decision does not relate to an unestablished fact necessary to substantiate the claims for service connection of a bilateral hearing loss disability and tinnitus and does not raise a reasonable possibility of substantiating the claims.

CONCLUSIONS OF LAW

1. The RO’s October 2014 rating decision denying the Veteran’s claim of entitlement to service connection for a bilateral hearing loss disability is final. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103.

2. The RO’s October 2014 rating decision denying the Veteran’s claim of entitlement to service connection for tinnitus is final. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103

3. New and material evidence has not been received since the October 2014 denial, and the claim of entitlement to service connection for a bilateral hearing loss disability is not reopened. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

4. New and material evidence has not been received since the October 2014 denial, and the claim of entitlement to service connection for tinnitus is not reopened. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In a July 2017 rating decision, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s applications to reopen claims of entitlement to service connection for a bilateral hearing loss disability and tinnitus. In June 2018, the Veteran opted into VA’s Rapid Appeals Modernization Program (RAMP). In his June 2018 RAMP election, the Veteran chose higher-level review and declined an informal conference. In August 2018, the AOJ issued the higher-level review decision. However, in September 2018, the Veteran submitted another RAMP election form requesting higher level review and an informal conference. 

Although the Veteran indicated two options on his RAMP election forms, he cannot request a higher-level Review of the August 2018 higher-level Review rating decision. See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2500(c)(2)). Accordingly, the Board may proceed to adjudicate the case on the Board’s direct review docket.

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a bilateral hearing loss disability

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for tinnitus

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. 38 U.S.C. §§ 5108, 7103, 7104, 7105; 38 C.F.R. §§ 3.156, 20.1100. For claims received on or after August 29, 2001, new evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of sustaining the claim. 38 C.F.R. § 3.156(a). New and material evidence need not be received as to each previously unproven element of a claim in order to justify reopening thereof. See Shade v. Shinseki, 24 Vet. App. 110, 120, (2010).

When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. The only exception would be where evidence presented is inherently incredible. Justus v. Principi, 3 Vet. App. 510 (1992). In order for evidence to be sufficient to reopen a previously disallowed claim, it must be both new and material. If the evidence is new, but not material, the inquiry ends, and the claim cannot be reopened. See Smith v. West, 12 Vet. App. 312, 314 (1999). If it is determined that new and material evidence has been submitted, the claim must be reopened. VA may then proceed to evaluate the merits of the claim on the basis of all evidence of record, but only after ensuring that the duty to assist the Veteran in developing the facts necessary for his claim has been satisfied. See Elkins v. West, 12 Vet. App. 209 (1999) but see 38 U.S.C. § 5103A (2012) (eliminates the concept of a well-grounded claim).

Under applicable criteria, VA shall consider all lay and medical evidence of record in a case with respect to benefits under laws administered by VA. In the absence of new and material evidence, the benefit-of-the-doubt rule does not apply. See Annoni v. Brown, 5 Vet. App. 463, 467 (1993).

In an October 2014 rating decision, the AOJ denied the Veteran’s claims of entitlement to service connection for a bilateral hearing loss disability and tinnitus. The AOJ denied the claim for service connection of a bilateral hearing loss disability on the grounds that hearing loss to a level considered a disability for VA purposes had not been shown. See 38 C.F.R. § 3.385. The AOJ denied entitlement to service connection for tinnitus finding that tinnitus had not been clinically assessed. The Veteran appealed these determinations and in March 2017, the AOJ issued a Statement of the Case (SOC) on these issues. However, the Veteran did not file a Substantive Appeal following issuance of the SOC, and the AOJ did not continue to treat these issues as being on appeal. See Percy v. Shinseki, 23 Vet. App. 37, 44 (2009). Thus, the decisions became final. At the time of the denial, the record contained the Veteran’s service records and VA medical records. 

New and material evidence has not been received. Since the prior and final denial, up-to-date VA records have been obtained and associated with the record. Some of the evidence is new, in that it was not of record at the time of the October 2014 denials. However, none of the evidence is material. No evidence shows assessment of a bilateral hearing loss for VA purposes, and no evidence documents a clinical assessment of tinnitus, or any complaints thereof. 

(Continued on the next page)

 

Accordingly, new and material evidence has not been received and the applications to reopen are denied. Annoni, supra.

 

C. TRUEBA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Joseph R. Keselyak

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.