﻿Citation Nr: 19158988
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 19-02 105
DATE: July 30, 2019

ORDER

As new and material evidence has not been received, the request to reopen the claim of entitlement to service connection for gastritis is denied.

FINDING OF FACT

1. The April 1997 rating decision that denied entitlement to service connection for gastritis was not timely appealed and became final. 

2. New and material evidence has not been submitted since the April 1997 rating decision to reopen the claim for service connection for gastritis. 

CONCLUSION OF LAW

Evidence received since the final April 1997 rating decision is not new and material and the claim for entitlement to service connection for gastritis is not reopened. 38 U.S.C. §§ 5108, 7105 (2012); 38 C.F.R. §§ 3.156, 20.302, 20.1103 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Air Force from March 1973 to November 1995. This matter is on appeal from an August 2018 rating decision. 

Duties to Notify and Assist

With respect to the Veteran’s claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A; 38 C.F.R. § 3.159. 

In this regard, the Board acknowledges that the Veteran’s attorney argued in an October 2018 correspondence that the Veteran should be afforded a VA examination for this claim. However, in the absence of competent evidence indicating that the Veteran has a current disability, no VA examination is required. See McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006). 

As no other procedural arguments in relation to VA’s duty to notify and assist have been advanced by the Veteran or his representative, the Board will proceed with appellate review. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015).

New and Material Evidence

Rating actions are final and binding based on the evidence on file at the time the claimant is notified of the decision and may not be revised on the same factual basis except by a duly constituted appellate authority. 38 C.F.R. § 3.104(a). The claimant has one year from notification of a Regional Office (RO) decision to initiate an appeal by filing a notice of disagreement with the decision, and the decision becomes final if an appeal is not perfected within the allowed time period. 38 U.S.C. § 7105(b), (c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.202, 20.302(a). 

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a); see Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998); see also Manio v. Derwinksi, 1 Vet. App. 140, 145 (1991).

New evidence is evidence not previously submitted to agency decisionmakers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is a low one. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Moreover, in determining whether this low threshold is met, consideration need not be limited to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened. See id. at 117-18.

The Board must review all evidence submitted by or on behalf of a claimant since the last final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade, 24 Vet. App. at 120. 

Whether new and material evidence has been received to reopen the claim for service connection for gastritis

The last prior final denial for the claim for service connection for gastritis was an April 1997 rating decision. It is final because the Veteran did not file a notice of disagreement within one year of the rating decision. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. Therefore, the Board looks to the evidence submitted since April 1997 for new and material evidence. 

When determining whether the evidence is new and material, the specified basis for the last final disallowance must be considered. See Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). In the April 1997 rating decision, the RO denied the service connection claim for gastritis because the Veteran was not shown to have a currently-diagnosed disability. 

The evidence received since April 1997 includes VA medical records, private treatment records, and arguments submitted by the Veteran’s attorney. The Board has thoroughly reviewed this new evidence. However, there is no evidence that the Veteran has been diagnosed with gastritis at any time since his separation from service. As such, the Board finds that the newly submitted evidence is not material because it does not relate to an unestablished fact necessary to substantiate the Veteran’s claim. Accordingly, the Board finds that new and material evidence has not been submitted and the claim for service connection for gastritis is not reopened. See Annoni v. Brown, 5 Vet. App. 463 (1993).

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Melissa Barbee, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.