﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190822-24030
DATE: September 26, 2019

ORDER

New and relevant evidence has not been received, and the appeal for service connection for schizophrenia will not be readjudicated.

FINDINGS OF FACT

1. In an unappealed April 1981 rating decision, the Veteran was denied service connection for schizophrenia.

2. The evidence associated with the claims file subsequent to the April 1981 rating decision does not tend to prove the claim for service connection for schizophrenia. 

CONCLUSION OF LAW

As the evidence received subsequent to the April 1981 rating decision is not new and relevant, the requirements to readjudicate the claim for entitlement to service connection for schizophrenia are not met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.2501.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from September 1956 to March 1958, to include additional service in the Army Reserve.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program “RAMP”, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran opted in to RAMP on October 26, 2018 and selected the 

Supplemental Claim lane. On June 14, 2019, the Agency of Original Jurisdiction (AOJ) issued a decision on the claim under the AMA based on the evidence of record up to June 14, 2019 and issued an unfavorable decision with respect to the claim for whether new and relevant evidence had been submitted for the claim of service connection for schizophrenia. As the Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a RAMP election form, the June 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). The Board will similarly only consider evidence of record received as of October 26, 2018. 

In the June 2019 AMA decision, the AOJ implicitly found that the Veteran had a diagnosis of schizophrenia which was reflected in his service treatment records. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104 (c)).

1. Whether new and relevant evidence has been received to readjudicate the appeal for entitlement to service connection for schizophrenia.

A claimant may request re-adjudication of a previously denied claim if new and relevant evidence is presented or secured. VA will readjudicate the claim taking into consideration all of the evidence of record. New evidence means existing evidence not previously submitted to agency decisionmakers. The term “relevant evidence” means evidence that tends to prove or disprove a matter in issue. See 38 U.S.C. § 5108; Pub. L. No. 115-55. 

Entitlement to service connection requires: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current disability. 38 C.F.R. § 3.303 (a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In an April 1981 rating decision, the Veteran was denied service connection for schizophrenia because the evidence did not show that the condition was incurred during or due to his active service. As the Veteran did not submit a notice of disagreement, the rating decision became final. 

In May 2014, the Veteran submitted a new claim for service connection for schizophrenia. The claim was denied in a September 2018 rating decision, which the Veteran timely appealed in October 2018 by opting into the RAMP program. As discussed, the Veteran opted for the higher-level review. As the Veteran was previously denied service connection for schizophrenia in a prior final decision and the matter is now under Board review, new and relevant evidence is required in order to consider the merits of the appeal.

Since the prior final decision, the Veteran has not submitted any evidence which is new and relevant to his claim of entitlement to service connection for schizophrenia. The April 1981 rating decision specifically contemplated the Veteran’s claim of service connection for schizophrenia. Using post-service medical treatment records, service treatment records, military personnel records, as well as the Veteran’s own statements, the April 1981 rating decision found that the Veteran’s claimed disability was not related to service on any theory of entitlement.

Although general statements from the Veteran assert that his claimed disability is related to his active service, these statements are cumulative as he made such claims prior to the April 1981 rating decision. See Bostain v. West, 11 Vet. App. 124 (1998) (lay hearing testimony that is cumulative of previous contentions considered by decision maker at time of prior final disallowance of the claim is not new evidence). Other additional evidence received since the April 1981 rating decision includes medical treatment records which diagnose and record the Veteran’s psychiatric disability. 

The Veteran has not submitted any competent evidence to establish a medical nexus between his claimed disability and his active service since the final April 1981 rating decision. Other additional evidence received since the April 1981 rating decision includes medical treatment records which record the Veteran’s diagnosis of and treatment for psychiatric disability symptoms; however, this evidence does not indicate an association between the claimed disability and active service that has not already been considered. Moreover, with respect to his lay statements concerning this critical etiology, the Board finds that the assertions that the Veteran’s claimed schizophrenia is due to his active duty service are effectively duplicative of the statements already included in the claims file and considered in the prior final decision. The Board additionally notes that the Veteran’s assertion that his psychiatric disability is related to his service in the Air Force which occurred at the same time that he served in the Army under a different name was previously considered and rejected by the April 1981 rating decision. As such, additional statements to this same effect are not new, but instead are merely recitations of the statements he previously made. See Reid v. Derwinski, 2 Vet. App. 312, 315 (1992). While the Board finds that the Veteran is sincere in his belief that he developed disabilities due to service, the record still does not contain evidence of a relationship between the claimed disabilities and service. 

All evidence received regarding the claim for service connection for schizophrenia since the April 1981 rating decision is “new” in that it was not of record at the time of the respective decision. However, none of the new evidence is “relevant” because it does not tend to prove that the claimed disability is related to service. See 38 U.S.C. § 5108; Pub. L. No. 115-55. Accordingly, the new evidence is not sufficient to warrant a readjudication of the Veteran’s claim. This additional evidence is, therefore, not both new and relevant, as contemplated by the pertinent law and regulations, and cannot serve as a basis to readjudicate the Veteran’s claims of service connection for schizophrenia. Id.

Based on the foregoing, the evidence received since the April 1981 rating decision is not relevant because it does not tend to prove a medical nexus between the claim of entitlement to service connection for schizophrenia and active service were the claim to be reopened, either by triggering the VA Secretary’s duty to assist or through consideration of an alternative theory of entitlement. As new and relevant evidence to readjudicate the finally disallowed claims of schizophrenia has not been submitted, the benefit of the doubt doctrine is not for application and the claim is denied. Annoni v. Brown, 5 Vet. App. 463, 467 (1993). 

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Peden, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.