Russell E. SMITH, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 95–638.

United States Court of Appeals
for Veterans Claims.

April 7, 1999.

Gary L. Beaver, was on the pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Michele Russell Katina, Washington, DC, were on the pleadings for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

The veteran, Russell E. Smith, appeals an April 14, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which determined that no new and material evidence had been submitted to reopen a claim for service connection for a psychiatric disorder. This appeal is timely and the Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the Board's April 1995 decision.

## I. FACTS

The veteran served in the U.S. Marine Corps from August 1946 to October 1946. Record (R.) at 168. He was discharged under honorable conditions due to unsuitability for service because of enuresis (bed wetting). R. at 60–61. The enuresis was noted as having preexisted service and having not been aggravated in service. *Id.* A 1948 rating decision denied service connection for enuresis. R. at 176.

The veteran then served in the U.S. Army from September 1950 to December 1951. R. at 167. His discharge from the Army was also due to unsuitability, and followed a recommendation of discharge by a medical officer who diagnosed enuresis and immaturity with symptomatic habit reaction. R. at 167, 123.

In the years following his separation from service, the veteran pursued claims for VA benefits that are unrelated to the claim that is the subject of this appeal. The first indication in the record of a claim for service connection for a psychiatric disability is in the transcript from a VA regional office hearing held in October 1986. At that hearing, the veteran testified that, in 1946, he had been discharged from service in the Marines for bed wetting and nervousness. R. at 283. His representative stated that the veteran contended that his nervous condition was aggravated by service. R. at 287. A December 1986 rating decision found that the veteran's claim for service connection for nervousness was not supported by the evidence. R. at 302.

In March 1988, a private psychiatrist referred the veteran to a psychologist for evaluation. R. at 328. The evaluation report noted that the veteran had stated that his discharge from the Army in 1951 was "for psychiatric reasons, including bed wetting," and that he repeatedly denied having had those problems. *Id.* The evaluation concluded that the veteran currently had "significant psychopathology" but did not link it to his military service. R. at 331.

A May 1988 rating decision and a March 1990 hearing officer's decision determined that no new and material evidence had been submitted to reopen the veteran's claim for service connection for a psychiatric disability. R. at 337, 365–66. The veteran appealed the March 1990 decision, and the BVA remanded the case to the RO in June 1991 for "full[ ] develop[ment] [of] the veteran's claim for service connection for a psychiatric disorder." R. at 373, 387–88, 402–03.

The veteran had two separate VA psychiatric examinations in August 1991. R. at 412–18. One psychiatrist stated his impression of the veteran's condition as "dependent personality disorder with some elements of schizoid personality disorder," but added that the impression was not definite, and "recommend[ed] strongly" that the veteran be hospitalized for observation. R. at 415. The second psychiatrist diagnosed "[s]chizoid personality disorder." R. at 418. Upon receipt of this information, the BVA again remanded the case with instructions that the veteran be hospitalized for observation "to permit the psychiatric examiners who examined him in August 1991 to complete their reports and diagnosis(es)." R. at 442.

The psychiatrists again examined the veteran during a VA hospitalization in July 1992. R. at 465–70. One psychiatrist referred the veteran for a psychological evaluation which was completed that same month. R. at 471–76. The psychiatrists concurred in diagnoses of dependent personality disorder with schizoid traits and post-traumatic stress disorder, with the stressor having occurred when the veteran was 12 years old. R. at 466, 470. The evaluating psychologist recommended reevaluation in one to three

months "to determine the stability of [the veteran's] cognitive performance." R. at 476.

In a January 1993 decision, the BVA denied the veteran's claim for service connection for a psychiatric disorder. R. at 501–05, 507–09. The Board concluded that the veteran's diagnosed disorder "was not manifested during service, and the stressor causing [PTSD], diagnosed decades after service, occurred prior to service."

Following the January 1993 BVA decision, the veteran's representative submitted an October 1992 VA psychological evaluation report. R. at 512–18. The report contained a diagnosis of PTSD from childhood, noted dependent and schizoid personality traits, and indicated moderate stress. R. at 516. In the decision presently on appeal, the BVA found that the report was cumulative of information that was before the Board at the time of the January 1993 decision and thus, not new, and that it was not material because it was not probative of whether a psychiatric disorder was incurred in or aggravated during service. R. at 10. The Board concluded that "no new and material evidence ha[d] been presented to reopen a claim for service connection for a psychiatric disorder." R. at 8.

## II. ANALYSIS

■ A claim that is disallowed by the Board may not be reopened and allowed, and a claim based on the same factual basis may not be considered, unless new and material evidence with respect to the claim is presented or secured. 38 U.S.C. §§ 7104(b) and 5108; see Barnett v. Brown, 83 F.3d 1380 (Fed.Cir.1996). In order for evidence to be sufficient to reopen a previously disallowed claim, it must be both new and material. If evidence is not new, the inquiry ends and the claim cannot be reopened.

■ By regulation, VA sets forth several criteria that must be met for evidence to be new and material. 38 C.F.R. § 3.156(a). Regarding newness, the regulation requires that the newly submitted evidence cannot have been previously submitted to agency decisionmakers and that it cannot be either cumulative or redundant. Id. Echoing these requirements, this Court has defined

"new evidence" as evidence which (1) was not in the record at the time of the final disallowance of the claim, and (2) is not "merely cumulative" of other evidence in the record. Evans v. Brown, 9 Vet.App. 273, 283 (1996); see also Elkins v. West, 12 Vet.App. 209, 215–217 (1999).

■ The Court generally reviews new-and-material-evidence determinations under the deferential "clearly erroneous" standard of review. Elkins, 12 Vet.App. at 217–218. Under the "clearly erroneous" standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." Gilbert v. Derwinski, 1 Vet.App. 49, 53 (1990). Evidence to be considered in a new and material evidence review includes all evidence submitted "since the time that the claim was finally disallowed on any basis, not only since the time that the claim was last disallowed on the merits." Evans, 9 Vet.App. at 285.

■ In the present case, the last final disallowance of the veteran's claim for service connection for a psychiatric condition was a January 1993 BVA decision. The only evidence submitted after that disallowance was an October 1992 psychological evaluation report. The BVA found that the report was not new evidence because it was merely cumulative of evidence that was in the record at the time of the 1993 BVA decision. R. at 10.

Initially, the Court notes previous case law that established that non-record evidence that was not in the case file but was within the Secretary's control (such as VA records), and that predated a BVA decision and could reasonably have been expected to be part of the record, was therefore constructively "'before the Secretary and the Board' when the BVA decision was made." Bell v. Derwinski, 2 Vet.App. 611, 613 (1992) (per curiam order) (citing 38 U.S.C. § 7252(b)). In Bell, unlike in the present case, the appellant had sought, on appeal to this Court, to include evidence in the record that had not been in the record before the Board. Id. at 612. The Court found that the appellant's evidence might have been factually determi-

native of the appellant's claim, that a remand was in order when such evidence was not in the record, and that it was necessary for items considered by the Board to be included in the record on appeal. *Id.* at 612–13.

Whether the evidence in question was constructively before the Board in January 1993 is not at issue because that is not the decision presently pending on appeal. Rather, the evidence in question *was* in the record before the Board prior to its April 1995 decision, the decision now under scrutiny, and was, in fact, the express object of that decision.

Based on this distinction, the Court will assume that evidence constructively before the Board in 1993 could still be new evidence for purposes of its 1995 decision. Nevertheless, such is not the case here where there is a plausible basis in the record for the Board's finding that the veteran's newly submitted evidence was merely cumulative of other evidence that was previously in the record. *See Elkins* and *Gilbert,* both *supra.* The October 1992 report reaches the same diagnostic conclusion regarding PTSD that was reached in July 1992 psychiatric reports which were in the record prior to the January 1993 BVA decision. R. at 516, 466, 470. The report notes dependent and schizoid personality traits and moderate stress, conditions that were diagnosed in the July 1992 psychiatric and psychological evaluation reports. R. at 516, 466, 470, 475. The Board's factual determination that the October 1992 report was not new evidence was not clearly erroneous.

The essence of the Board's April 1995 decision that the evidence submitted since the last final disallowance of the veteran's claim was not new and material was that the evidence was not new because it was cumulative of evidence already of record. The reasons and bases given by the Board included a statement that the evidence was not material based on lack of probativeness, but this finding was not necessary to the determination that the evidence was not new. Once it was determined that the evidence was not new, no further analysis was required, for it could not be "new *and* material" if it was not "new."

■ The veteran has argued in this appeal that the Secretary never applied the pre-sumption of aggravation in considering his claim regarding his diagnosed PTSD, and that the presumption is new and material evidence "in the context of Mr. Smith's attempt to have his claim for service connection reopened." Appellant's Brief at 29, 21–37. The United States Court of Appeals for the Federal Circuit, in affirming a decision of this Court, has held that the "failure to apply[ ] a statutory or regulatory burden-shifting presumption does not constitute 'new and material evidence' for the purpose of reopening a claim under 38 U.S.C. § 5108." *Routen v. West,* 142 F.3d 1434, 1440 (Fed.Cir. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 404, 142 L.Ed.2d 328 (1998). With respect to an argument in *Routen* that the presumption was never applied, the Federal Circuit stated, "[U]nless Mr. Routen is able to reopen his claim by showing clear and unmistakable error, or by presenting new and material evidence, the issue of whether or not the presumption of aggravation applies cannot be addressed." *Id.* at 1443. Pursuant to *Routen,* the veteran's argument that the presumption of aggravation is new and material evidence is without merit.

## III. CONCLUSION

Upon consideration of the record and the pleadings, the Court holds that the veteran has not submitted new evidence and therefore has not fulfilled the requirement for new and material evidence to reopen his claim for service connection for a psychiatric disorder. The Court is satisfied that the BVA decision that is the subject of this appeal meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). Accordingly, the April 14, 1995, decision of the BVA is AFFIRMED.