Citation Nr: 1205187 
Decision Date: 02/10/12 Archive Date: 02/23/12

DOCKET NO. 10-10 727 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for obstructive sleep apnea and, if so, whether service connection is warranted.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

L. J. Vecchiollo, Counsel



INTRODUCTION

The Veteran served on active duty from July 1971 to July 1994. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO), which found that the Veteran submitted new and material evidence to reopen his claim of service connection for obstructive sleep apnea, and denied the claim on the merits. 

On his VA Form 9, Substantive Appeal, received in March 2010, he requested a Board hearing at in Washington, D.C. However, on an attached Optional Appeal Hearings form, he checked the item directing the RO to send his appeal directly to the Board without a hearing. His hearing request, therefore, is deemed withdrawn. 38 C.F.R. § 20.702(e) (2011). Moreover, as his claim is being granted in full, there is no prejudice to the Veteran in the Board proceeding with a decision at this time.


FINDINGS OF FACT

1. An October 2002 rating decision denied the Veteran's claim for entitlement to service connection for sleep apnea on the basis of the lack of treatment for the condition in service and lack of a current diagnosis of the condition; the Veteran did not file a timely notice of disagreement with the rating decision. 

2. Evidence submitted subsequent to the October 2002 rating decision is not cumulative or redundant, relates to an unestablished fact necessary to substantiate the claim, and raises a reasonable possibility of substantiating the Veteran's claim for entitlement to service connection for sleep apnea.

3. Resolving all reasonable doubt in favor of the Veteran, the Board finds that his obstructive sleep apnea is related to service. 


CONCLUSIONS OF LAW

1. The October 2002 rating decision is final as to the claim of service connection for obstructive sleep apnea. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. 
§§ 3.104, 20.302, 20.1103 (2002) [(2011)].

2. New and material evidence has been received since the October 2002 rating decision to reopen the claim of entitlement to service connection for obstructive sleep apnea. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2011).

3. Obstructive sleep apnea was incurred in the Veteran's military service. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102,.303 (2011). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Petition to Reopen

Section 7 of the VCAA of 2000, Pub. L. No. 106-475, § 7(b), 114 Stat. 2096, 2099, provides that if a claim that was denied as not well grounded became final between July 14, 1999, and November 9, 2000, it may be readjudicated under the Veterans Claims Assistance Act of 2000 (VCAA) "as if the denial or dismissal had not been made," provided a timely request is filed by the claimant or on the Secretary's own motion. See Paralyzed Veterans of Am. v. Secr'y of Veterans Affairs, 345 F.3d 1334, 1343-44 (Fed. Cir. 2003). If there was a request made by the claimant, that request had to be filed by the claimant no later than two years after the date of the enactment of the VCAA, i.e., not later than November 9, 2002. 

The Veteran's initial claim of service connection for sleep apnea was denied as not well grounded in July 1998. The Veteran was notified of that decision in an August 20, 1998 letter. The Veteran did not appeal the decision, and, therefore, it became final on August 20, 1999. However, in June 2002, the Veteran submitted evidence relating to this claim. Therefore, the Veteran was entitled to have his claim adjudicated on the merits, without his being required to first submit new and material evidence. 

The RO subsequently complied with the holding in Paralyzed Veterans of Am. v. Secr'y of Veterans Affairs. He was sent notice consistent with the VCAA and his claim was denied on the merits in an October 2002 rating decision. The RO denied the Veteran's claim for entitlement to service connection for sleep apnea on the basis of the lack of treatment for the condition in service and lack of a current diagnosis of the condition. The Veteran did not file a timely notice of disagreement with the rating decision. 

In general, rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.1103 (2011). If new and material evidence is presented or secured with respect to a claim that has been finally disallowed, the claim shall be reopened and reviewed. See 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156 (2011). 

The question of whether new and material evidence has been received to reopen each claim must be addressed in the first instance by the Board because the issue goes to the Board's jurisdiction to reach the underlying claim and adjudicate it on a de novo basis. See Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); see also Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996). If the Board finds that no such evidence has been offered, this is where the Board's analysis must end; hence, what the RO may have determined in this regard is irrelevant. Jackson, 265 F.3d at 1369; Barnett, 83 F.3d at 1383. 

"New" evidence is defined as evidence not previously submitted to agency decision-makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

For evidence to be sufficient to reopen a previously disallowed claim, it must be both new and material. If the evidence is new, but not material, the inquiry ends and the claim cannot be reopened. See Smith v. West, 12 Vet. App. 312, 314 (1999). If it is determined that new and material evidence has been submitted, the claim must be reopened. The VA may then proceed to evaluate the merits of the claim on the basis of all evidence of record, but only after ensuring that the duty to assist the Veteran in developing the facts necessary for his claim has been satisfied. See Elkins v. West, 12 Vet. App. 209 (1999), but see 38 U.S.C.A. § 5103A (West 2002) (eliminating the concept of a well-grounded claim).

In Shade v. Shinseki, 24 Vet. App. 110, 120 (2010), the United States Court of Appeals for Veterans Claims (Court) interpreted the phrase 'raises a reasonable possibility of substantiating the claim' as "enabling rather than precluding reopening." The Court held that 38 C.F.R. § 3.159(c)(4)(iii) does not require new and material evidence as to each previously unproven element of a claim. See Shade, 24 Vet. App. at 120. 

In July 2008, the Veteran requested that his claim of service connection for obstructive sleep apnea be reopened, and submitted a private polysomnogram conducted in November 2005. The study diagnosed severe obstructive sleep apnea with significant oxygen saturation, and periodic limb movements in sleep.

In light of Shade, the Board finds that the new evidence reflecting a current diagnosis of obstructive sleep apnea is material and raises a reasonable possibility of substantiating the claim. See 38 C.F.R. § 3.156(a) (2011). As new and material evidence has been received, the claim for service connection for obstructive sleep apnea is reopened. 

The issue of whether there is new and material evidence to reopen the previously denied claim of service connection for obstructive sleep apnea has been resolved in favor of the Veteran. Thus, it was not necessary for the Board to consider whether the RO satisfied all applicable requirements of the VCAA regarding this petition to reopen. 

Having reopened the claim on the basis of this new and material evidence, the Board must next determine whether the Veteran would be unduly prejudiced by the Board immediately proceeding with the readjudication of this claim on its underlying merits. See Hickson v. Shinseki, 23 Vet. App. 394 (2010); Bernard v. Brown, 4 Vet. App. 384, 393-94 (1993). Since the Board is fully granting the claim on its underlying merits, there is no possibility of resulting prejudice from the Board's immediate reconsideration of this claim because the Veteran is receiving the requested benefit in its entirety. See 38 C.F.R. § 20.1102. 

II. De Novo Review

As the Board's decision to grant the Veteran's claim of entitlement to service connection for obstructive sleep apnea is completely favorable, no further action is required to comply with the VCAA and implementing regulations.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C.A. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

Alternatively, service connection may be established under 38 C.F.R. § 3.303(b) by (a) evidence of (i) the existence of a chronic disease in service or during an applicable presumption period under 38 C.F.R. § 3.307 and (ii) present manifestations of the same chronic disease, or (b) when a chronic disease is not present during service, evidence of continuity of symptomatology.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran and his spouse claim that he has had trouble sleeping since the military and, while on active duty, was told that he snored in his sleep. He believes that this symptomatology was sleep apnea. The Veteran also notes the service treatment record indicate a question of sleep apnea, and a private treatment record dated in July 1997 indicates that he had symptoms consistent with sleep apnea. Therefore, he claims service connection for sleep apnea is warranted.

The Veteran's service treatment records note that, in April 1992, the Veteran complained of snoring. The examiner noted that it seemed related to the Veteran's alcohol intake, he was not consistently apneic, and he doubted the Veteran would benefit from a sleep study. A separation examination in March 1994 was negative for any nasal or respiratory disorder. The Veteran exceeded the maximum allowable weight for retention. According to the history section of the separation examination report, the Veteran checked "no" to the question regarding whether he ever had or currently had frequent trouble sleeping. He checked "yes" to the question regarding whether he ever had or currently had shortness of breath. The examiner noted that the Veteran had shortness of breath in 1993. Later that month, he was seen for severe snoring, and there was a question of obstructive sleep apnea. It was also noted that the Veteran's spouse complained of the Veteran's occasional loud snoring when he drank too much. She also noted that the Veteran had apneic episodes. The Veteran was discharged from service in July 1994.

A March 1997 private treatment record reveals problems of hypertension, obesity, and hyperlipidemia. While hospitalized at a private facility for chest pain in July 1997, the Veteran sought treatment for possible sleep apnea. He had gained 35 pounds since retirement from service in 1995, and he drank ten shots per day. He was noted to have been snoring, but had no observable apneas. The Veteran's wife informed him that he has episodes of not breathing while sleeping. He stated that he has had loud snoring all his life. During the past year, he awoke once a month unable to breathe. The examiner stated that the clinical picture is certainly consistent with obstructive sleep apnea, which is relatively asymptomatic. 

An internal medicine clinic note dated in April 2004 noted that the Veteran had probable sleep apnea. A private polysomnogram was conducted in November 2005. The diagnosis was severe obstructive sleep apnea with significant oxygen saturation, and periodic limb movements in sleep. 

A decision of the Social Security Administration (SSA) granted the Veteran disability insurance benefits, effective July 2004, due to sleep-related breathing disorders, and osteoarthritis. 

The Board initially notes that the Veteran has a current diagnosis of obstructive sleep apnea. Therefore, the remaining question is whether such is related to his military service.

In this regard, the Board finds that the evidence is in relative equipoise as to whether the Veteran's currently diagnosed obstructive sleep apnea is related to his military service. Specifically, the Board again notes that the Veteran's service treatment records reflect that he was seen for severe snoring and there was a question of obstructive sleep apnea in March 1994. Additionally, in July 1997, a physician indicated that the Veteran's clinical picture is consistent with obstructive sleep apnea. Moreover, the Veteran and his spouse have offered competent and credible statements regarding the onset of his sleep apnea during service and the continuity of his such symptomatology since discharge. In this regard, they report that he has had trouble sleeping since the military and, while on active duty, was told that he snored in his sleep.

In contrast, a February 2009 VA examiner diagnosed obstructive sleep apnea consistent with obesity and opined that such was not caused by or related to military service. In this regard, she reported that, according to medical literature, snoring associated with excessive alcohol uptake is not diagnostic of obstructive sleep apnea. The Board observes that, while the Veteran was noted to have gained 35 pounds since his military discharge, he had experienced symptomatology consistent with sleep apnea, to include snoring and apneic episodes, prior to such weight gain. Additionally, while some of the Veteran's symptoms were noted when he had consumed alcohol excessively, the VA examiner does not account for the instances in which he had not drank alcohol. 

Therefore, based on the fact that the VA examiner did not take all of the facts into account, the Veteran's service treatment records reflecting a possible diagnosis of obstructive sleep apnea, and his and his spouse's statements regarding continuity of symptomatology, the Board finds that the evidence as to whether the Veteran's obstructive sleep apnea is related to his military service is in relative equipoise. As such, the Board will resolve all reasonable doubt in his favor and find that service connection for such disorder is warranted.


ORDER

New and material evidence having been received, the appeal to reopen a claim of entitlement to service connection for obstructive sleep apnea is granted. 

Service connection for obstructive sleep apnea is granted.



____________________________________________
A. JAEGER
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs