Citation Nr: 1441521 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 12-35 315 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 herniated nucleus pulposus (HNP); chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions).

2. Entitlement to service connection for right lower extremity radiculopathy, to include as secondary to service-connected L4-L5 HNP.


REPRESENTATION

Appellant represented by: Puerto Rico Public Advocate for Veterans Affairs


ATTORNEY FOR THE BOARD

W.L. Puchnick, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from July 1975 to July 1979. 

This matter comes on appeal before the Board of Veterans' Appeals (Board) from September 2011 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico. 

The first September 2011 rating decision (dated September 14, 2011) determined that the Veteran did not submit new and material evidence sufficient to reopen his claim of entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions). Said decision also deferred the issue of entitlement to service connection for right lower extremity radiculopathy to include as secondary to service-connected HP and denied the Veteran's claim for a disability rating in excess of 40 percent for left L5 radiculopathy. However, the Veteran's September 2011 notice of disagreement did not indicate that he was appealing the increased-evaluation claim. 

The second September 2011 rating decision (dated September 15, 2011) denied the Veteran's claim for entitlement to service connection for right lower extremity radiculopathy, to include as secondary to service-connected L4-L5 HNP. 

The issue of entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions) and entitlement to service connection for right lower extremity radiculopathy, to include as secondary to service-connected L4-L5 HNP are addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. An unappealed March 2009 rating decision determined that the Veteran did not submit new and material evidence sufficient to reopen his previously denied claim for entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected conditions).

2. The Veteran did not submit a timely notice of disagreement to the March 2009 rating decision, and it became final. 

3. Evidence received since the March 2009 rating decision relates an unestablished fact necessary to substantiate a claim of entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions).


CONCLUSION OF LAW

The evidence received subsequent to the March 2009 rating decision is new and material to reopen service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions). 38 U.S.C.A. § 5108 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.156(a), 3.303, 20.1105 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

A. Veterans Claims Assistance Act of 2000 (VCAA)

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, and 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2013). Because the Board is reopening and remanding the claim, further discussion of the VCAA duties to notify and assist claimants is not necessary. 

B. Law and Analysis

1. Service Connection/Secondary Service Connection

In order to establish service connection for a claimed disability, the facts must demonstrate that a disease or injury resulting in current disability was incurred in active military service or, if pre-existing active service, was aggravated therein. 38 U.S.C.A. § 1131 (West 2002 & Supp. 2013); 38 C.F.R. § 3.303 (2013). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2013). In order to prevail on the issue of service connection on the merits, there must be medical evidence of (1) a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Hickson v. West, 12 Vet.App. 247, 253 (1999).

Service connection may also be established on a secondary basis for a disability that is proximately due to, the result of, or aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310(a) (2013); see also Allen v. Brown, 7 Vet.App. 439, 448 (1995) (en banc). Briefly, the threshold legal requirements for a successful secondary service connection claim are: (1) evidence of a current disability for which secondary service connection is sought; (2) a disability which is service connected; and (3) competent evidence of a nexus between the two. 

2. New and Material Evidence 

The RO previously considered and denied a claim for service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected conditions) in March 2005 and March 2009 rating decisions. The Board is required to determine whether new and material evidence has been presented before it can reopen a claim and readjudicate service connection or other issues on the merits. See Barnett v. Brown, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996).

If new and material evidence is presented or secured with respect to a finally-adjudicated claim, VA shall reopen and review the claim. 38 U.S.C.A. § 5108 (West 2002 & Supp. 2013); 38 C.F.R. § 3.156 (2013). New evidence means existing evidence not previously submitted to agency decision makers which is neither cumulative nor redundant. 38 C.F.R. § 3.156(a) (2013); Woehlaert v. Nicholson, 21 Vet.App. 456, 461 (2007). Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a) (2013). Materiality has two components. First, that the new evidence pertains to the reason(s) for the prior final denial, and second, that the new evidence, combined with VA assistance and considering the other evidence of record, raises a reasonable possibility of substantiating the claim. Shade v. Shinseki, 24 Vet.App. 110, 117 (2010). Notably, "the present version of [38 C.F.R. § 3.156] must be read as creating a low threshold." Id. 

Evidence is presumed to be credible for the purpose of determining whether the case should be reopened; once the case is reopened, the presumption as to the credibility no longer applies. Justus v. Principi, 3 Vet.App. 510, 513 (1992). The evidence must be both new and material; if the evidence is new, but not material, the inquiry ends and the claim cannot be reopened. Smith v. West, 12 Vet.App. 312 (1999). If the Board determines that the evidence submitted is new and material, it must reopen the case and evaluate the appellant's claim in light of all the evidence. Justus, 3 Vet.App. at 512.

The last final rating decision which determined that the Veteran did not submit new and material evidence sufficient to reopen his claim for entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected conditions) was in March 2009. The RO found that while VA treatment records showed "the diagnosis of a depressive disorder" they "did not show any relationship between your current depressive disorder condition and military service." Therefore, the Board finds that new and material evidence in this case must indicate that currently-diagnosed depressive disorder was incurred in service, or is secondary to the Veteran's service-connected L4-L5 HNP.

The Board finds that there is a sufficient evidentiary basis to reopen service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions). Evidence received subsequent to the March 2009 rating decision relating to the Veteran's claim includes VA examinations of the spine (dated August 2010 and August 2011), VA treatment records (dated from October 2007 to February 2009, February 2010 to August 2010, and March 2011 to August 2011), and a VA psychiatric progress note dated October 3, 2011. The Board finds that the cited evidence is new in that it has not previously been received and is not cumulative or redundant of evidence previously of record. Notably, the October 2011 VA psychiatrist's Axis I impression was "mood disorder secondary to medical condition with major depressive like episode." The Board finds this evidence to be material because it addresses a previously unestablished fact, which is that the diagnosed mood disorder is "secondary to medical condition with major depressive like episode." For these reasons, the Board finds the newly-received evidence to be both new and material to reopen service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions), because the October 2011 VA psychiatric note is new and raises a reasonable possibility of substantiating the Veteran's claim. Furthermore, the Court has set forth a low threshold to reopen claims-there is a reasonable possibility of substantiating the claim and the low evidentiary threshold for reopening the claim and obtaining a VA examination (detailed below) has been met. See 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156; Shade, 24 Vet.App. at 117. Accordingly, the Board finds that new and material evidence sufficient to reopen service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions) has been submitted and the claim is reopened. However, as explained in the remand below, further development is necessary before the Board can address the merits of the Veteran's claim.



ORDER

New and material evidence having been submitted, the claim for entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions) is reopened. 


REMAND

Service Connection for Depressive Disorder, Psychotic Features, Claimed as Incurred or Secondary to Service-Connected HNP.

With respect to the Veteran's reopened claim for entitlement to service connection for depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions), the October 3, 2011, VA psychiatrist's Axis I impression of "mood disorder secondary to medical condition with major depressive like episode" was neither addressed in the September 14, 2011, rating decision on appeal nor by a VA examiner. Therefore, a current VA examination should be obtained in order for the examiner to reconcile this impression with the other evidence of record, to include Axis I diagnoses of recurrent major depressive disorder (MDD) during VA psychiatric evaluation on September 11, 2008, October 14, 2008, and February 2, 2009. 

Additionally, the evidence of record should include "Outpatient/Inpatient treatment records from San Juan VA Medical Center, dated from August 16, 2010 to September 13, 2011" (which were cited in both September 2011 rating decisions on appeal in addition to the October 2012 statement of the case as "reviewed and considered in this rating decision, but were not printed"). Said records should be printed and added to the claims file.

Finally, as the most recent VA treatment records are dated in August 2011, VA treatment records from that time to the present should be obtained an added to the record. 

Service Connection for Right Lower Extremity Radiculopathy, to Include as Secondary to Service-Connected L4-L5 HNP.

Concerning the Veteran's claim for entitlement to service connection for right lower extremity radiculopathy, to include as secondary to service-connected L4-L5 HNP, the aforementioned "Outpatient/Inpatient treatment records from San Juan VA Medical Center, dated from August 16, 2010 to September 13, 2011" as well as VA treatment records from August 2011 to the present should be added to the claims file because they were not of record at the time of the September 2011 rating decision which denied this claim. 

Accordingly, the case is REMANDED for the following action:

1. The RO should contact the Veteran and request that he identify any private or VA treatment since August 2011 (the date of the most recent VA treatment records). Any necessary authorization for the release of records should be obtained and any records identified should be requested. All records obtained must be associated with the claims file-to specifically include "Outpatient/Inpatient treatment records from San Juan VA Medical Center, dated from August 16, 2010 to September 13, 2011" as described in rating decisions dated September 14, 2011, and September 15, 2011. If any records requested are unavailable, clearly document such in the claims file and notify the Veteran of any inability to obtain said records, in accordance with 38 C.F.R. § 3.159(e). 

2. Afford the Veteran the appropriate VA examination to determine the current nature and etiology of the claimed depressive disorder, psychotic features (claimed as depression incurred or secondary to service-connected L4-L5 HNP; chronic post-traumatic lumbar paravertebral myositis claimed as spinal, back, and low back conditions). The examiner is asked to reconcile the October 2011 Axis I impression of "mood disorder secondary to medical condition with major depressive like episode" with the pertinent evidence of record (to include Axis I diagnoses of MDD during VA psychiatric evaluation on September 11, 2008, October 14, 2008, and February 2, 2009) and opine as to whether there is a current diagnosis of a depressive disorder and, if so, whether it is at least as likely as not (i.e., probability of 50 percent or greater) that the depressive disorder: (1) had its onset during service; (2) was caused by an incident or event that occurred during service; or (3) was proximately due to, the result of, or aggravated by a service-connected disease or injury. The VA examiner is advised that the term "as likely as not" does not mean within the realm of possibility. Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is medically sound to find in favor of causation as to find against causation.

All relevant documents (i.e., the paper claims file and any medical records contained in Virtual VA, CAPRI, and AMIE) must be made available to and reviewed by the examiner in rendering the opinion. 

All indicated studies or testing should be conducted. A rationale should be given for all opinions and conclusions rendered. The opinions should address the particulars of this Veteran's medical history and the relevant medical science as applicable to this claim. If an opinion cannot be rendered without resorting to speculation, the examiner should state whether the inability to provide an opinion was due to a need for further information (with said needed information identified) or because the limits of medical knowledge had been exhausted regarding the etiology of the disorder.

3. After all development has been completed, the AOJ should review the case again based on the additional evidence. If the benefit sought is not granted, the AOJ should furnish the Veteran and his representative with a Supplemental Statement of the Case. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet.App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




______________________________________________
K.J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs