http://www.va.gov/vetapp16/Files5/1639901.txt

Citation Nr: 1639901 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 15-12 921 ) DATE
 )
 )
 
On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio

THE ISSUE

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for left knee arthritis, status-post left knee replacement, to include as secondary to right knee arthritis, status-post right knee replacement. 

2. Entitlement to service connection for left knee arthritis, status-post left knee replacement, to include as secondary to right knee arthritis, status-post right knee replacement (left knee disability). 

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

Russell Veldenz, Counsel

INTRODUCTION

The Veteran served on active duty service with the U.S. Marine Corps from January 1957 to January 1961. He had Marine Corps reserve service both prior and subsequent to active duty service. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In August 2015, the Veteran testified before the undersigned Acting Veterans Law Judge (AVLJ) during a Board video conference hearing. A transcript of the hearing has been associated with the claims folder.

In January 2016, the Board remanded the case to the RO for additional development. As the requested development has been completed, no further action is necessary to comply with the Board's remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. By a rating decision dated in December 2004, the RO originally denied a claim of service connection for a left knee disability, and the Veteran did not perfect an appeal of that determination, nor was any new and material evidence received within the appeal period thereafter.

2. By a rating decision dated in October 2008 the RO denied a claim to reopen a claim of service connection for a left knee disability, and the Veteran did not perfect an appeal of that determination, nor was any new and material evidence received within the appeal period thereafter. 

3. Evidence added to the record since the October 2008, RO denial, considered in conjunction with the record as whole, relates to an unestablished fact necessary to substantiate the claim for service connection for a left knee disability, and raises a reasonable possibility of substantiating the claim.

4. Resolving all doubt in the Veteran's favor, the most probative evidence of record demonstrates that left knee arthritis, status-post left knee replacement was caused or aggravated by right knee arthritis, status-post right knee replacement.

CONCLUSION OF LAW

1. The December 2004 rating decision which denied a claim of entitlement for service connection for a left knee disability is final. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2004); currently, 38 U.S.C.A. § 7105(c) (West 2002 & Supp. 2016); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2016).

2. The October 2008 rating decision which denied a claim to reopen the claim for service connection for a left knee disability is final. 38 U.S.C.A. § 7105(c) (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2008); currently, 38 U.S.C.A. § 7105(c) (West 2002 & Supp. 2016); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2015).

3. New and material evidence has been received since the October 2008 RO denial to reopen a claim of entitlement to service connection for a left knee disability. 38 U.S.C.A. §§ 5108, 7104(b) (West 2002 & Supp. 2016); 38 C.F.R. § 3.156(a) (2016).

4. The criteria for service connection for left knee arthritis, status-post left knee replacement as secondary to right knee arthritis, status-post right knee replacement, are met. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2002 & Supp. 2016); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2016); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2016). 

As the claim to reopen service connection for a left knee disability and service connection for a left knee disability are resolved in the Veteran's favor, further discussion here of compliance with the VCAA with regard to the claim to reopen is not necessary.

General Principles on Reopening a Claim for Service Connection

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from an injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. That an injury occurred in service alone is not enough; there must be chronic disability resulting from that injury. With a chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). See also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (The theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic 38 C.F.R. § 3.309(a).) Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The record establishes that the claim of service connection for a left knee disability was denied in a rating decision dated in December 2004. The RO denied the claim on the basis that the evidence did not establish the Veteran's left knee disability occurring in or caused by service. The Veteran filed a notice of disagreement in March 2005. The RO issued a statement of the case in September 2005. The Veteran did not file a substantive appeal either by filing a VA Form 9 or another document that complied with the requirements for a valid substantive appeal. See 38 C.F.R. § 20.202. Instead, he requested a videoconference hearing before the Board. In March 2008, the Veteran inquired about the status of his case and learned that the RO closed his claim because of the lack of a timely substantive appeal. 

The substantive appeal is not jurisdictional and an untimely substantive appeal can be waived by VA, including by taking actions indicating that an appeal has been perfected. Percy v. Shinseki, 23 Vet. App. 37, 46-47 (2009). In this instance, the Board finds that VA's actions did not indicate that the Veteran's claim remained on appeal and the requirement of a timely substantive appeal was not waived. Percy, supra. Thus, no appeal was perfected from the December 2004 ratings decision, and it became final. 38 U.S.C.A. § 7105. In this regard, it is additionally noted that no additional evidence pertinent to the claim, to include Federal, VA, or uniformed services treatment records, were received within one year of the notice of the December 2004 determination. See 38 C.F.R. § 3.156(c).

In May 2008, the Veteran filed a claim to reopen the claim for service connection for a left knee disability. This claim was denied in an October 2008 rating decision and again the Veteran did not file a VA-9 or document meeting the requirements for a valid substantive appeal. See 38 C.F.R. § 20.202. Instead, he filed a document requesting a VA examination. Again, the RO did not take any action to indicate that the Veteran's claim remained on appeal and the requirement of a timely substantive appeal was not waived. Percy, supra. Thus, no appeal was perfected from the December 2004 ratings decision, and it became final. 38 U.S.C.A. § 7105. In this regard, it is additionally noted that no additional evidence pertinent to the claim, to include Federal, VA, or uniformed services treatment records, were received within one year of the notice of the October 2008 determination. See 38 C.F.R. § 3.156(c).

The next communication from the Veteran regarding his left knee claim occurred in June 2010 when the Veteran filed a claim to reopen the claim for service connection for a left knee disability.

As a general rule, a claim shall be reopened and reviewed if new and material evidence is presented or secured with respect to a claim that is final. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. When an appellant seeks to reopen a final decision, the first inquiry is whether the evidence presented or secured after the last disallowance is "new and material." 

Reopening a claim for service connection which has been previously and finally disallowed requires that new and material evidence be presented or secured since the last final disallowance of the claim. 38 U.S.C.A. § 5108; Evans v. Brown, 9 Vet. App. 273, 285 (1996); see also Graves v. Brown, 8 Vet. App. 522, 524 (1996).

Under 38 C.F.R. § 3.156(a), new evidence means evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

When determining whether a claim should be reopened, the credibility of the newly submitted evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). In order for evidence to be sufficient to reopen a previously denied claim, it must be both new and material. If the evidence is new, but not material, the inquiry ends and the claim cannot be reopened. Smith v. West, 12 Vet. App. 312, 314 (1990). The Court has held that there is a very low threshold for reopening claims, stating that the requirements in the regulations that the evidence "raises a reasonable possibility of substantiating the claim" should be read as enabling reopening rather than precluding it. Shade v Shinseki, 24 Vet. App. 110, 118 (2010).

Regardless of the RO's determination, that is, whether it re-opened a claim for service connection or not, the Board is not bound by that determination as to whether the claim should be reopened, and must consider whether new and material evidence has been received. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). 

The RO denied the claim for service connection for a left knee disability because there was no evidence showing a left knee disability occurring in or the result of service. Since the prior final rating decision in 2008, VA has received additional evidence, including VA treatment records, private medical treatment records, and lay statements and testimony by the Veteran.

The Veteran testified that during a training exercise in service, he slipped on from a rope and injured both knees, although the right knee was worse and required surgery. He also testified that the left knee continued to be symptomatic after service. 

The evidence establishes that the Veteran underwent a left knee replacement in September 1997 due to arthritis in the left knee.

The Veteran, in his June 2010 claim to reopen service connection for his left knee disability asserted that the left knee developed arthritis due to the service connected right knee, which was also replaced in September 1997. 

In March 2016, the Veteran's private physician, Dr. B. Salpietro concluded the left knee did incur some injury from the same training exercise. The right knee, however, was worse and the Veteran thereafter overused the left knee because of the right knee symptoms. Dr. Salpietro thought the orthopedic literature will support the proposition that posttraumatic arthritis in one knee will allow over time traumatic changes in the unaffected knee due to overuse. 

To summarize the foregoing, the Veteran has submitted evidence of a left knee disability, arthritis severe enough to require a total knee replacement. The Veteran has related the onset of his current left knee disability to injury in service and/or caused or aggravated by his service connected right knee disability.

This evidence constitutes new evidence as it was not previously submitted to agency decision makers. It is not cumulative or redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened. It shows that the Veteran has current left knee disability with reported onset in service or as due to a service connected disability.

As the Board must presume the credibility of the evidence, the evidence raises a reasonable possibility of substantiating the claim. The evidence shows a possible link between the Veteran's service and his current disability diagnosed as left knee arthritis, status-post left knee replacement. The establishment of a current disability and the lack of a relationship between the disability and service were both reasons for the prior final denial and subsequently after the Veteran filed his claim to reopen the claim of service connection for a left knee disability. Therefore, the Board finds that new and material evidence has been received to reopen the previously denied claim of service connection for a left knee disability. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

Service Connection

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). 

The Veteran testified that he sustained an injury while rappelling during service, which required a right knee meniscectomy in August 1958. The Veteran is now service connected for the right knee disability. He also testified that he injured his left knee as well in the rappelling injury resulting in the left knee disability, arthritis, status-post left knee replacement. 

Review of the service treatment records show that in August 1958, the Veteran was transferred to the U.S. Naval Hospital in Key West, Florida, for inpatient treatment. The treatment records show that he was hospitalized until September 23, 1958 with a diagnosis of derangement, internal, right knee (torn medial meniscus). None of the available personnel and treatment records reveal any complaints, treatment, or diagnosis of the left knee. 

In 1971, the Veteran underwent a left medial meniscectomy and in 1996, he was also diagnosed with degenerative arthritis of the left knee. In September 1997, the Veteran had a total left knee replacement. 

In February 2016, a VA examiner reviewed the complete treatment reports of record The examiner concluded that the Veteran's status-post total left knee replacement is less likely than not related to service, including the training injury, nor is the left knee disability due to the service connected right knee disability. There was no evidence to support the claim that left knee disability is related to any incident of service or had its onset during service. There also was no evidence of chronicity. Furthermore, the examiner stated there was no evidence the right knee disability caused left knee degenerative changes. There is no evidence of significant gait abnormality. Review of scientific and medical evidence does not support the conclusion that impairment in the one knee causes impairment in the contralateral knee. 

In March 2016, the Veteran submitted a letter from his private orthopedist, Dr. B. Salpietro, who wrote that the Veteran had sustained a right knee injury in 1958, resulting in right knee arthritis and the need for a total knee replacement. As to the left knee, it did incur some injury from the same training exercise. The left knee disability resulted in pain and loss of function over the years that resulted in severe deterioration over time. Again, the left knee also required a left knee replacement due to arthritis. The right knee, however, was worse and the Veteran thereafter overused the left knee because of the right knee symptoms. Dr. Salpietro thought the orthopedic literature will support the proposition that posttraumatic arthritis in one knee will allow over time traumatic changes in the unaffected knee due to overuse. 

As an initial matter, the Board notes that the Veteran has been diagnosed during the course of the appeal with arthritis severe enough to require a total left knee replacement. Accordingly, the first criterion for establishing service connection has been met. The question becomes whether this condition is related to service.

As there is no competent evidence of left knee arthritis in service or within one year following discharge from service, competent evidence linking the current condition with service is required to establish service connection. 

To resolve the dispute, the evidence need only be in equipoise, not that it needs to be clearly determined whether a disability was caused by another disability. 38 C.F.R. § 3.303 (a); See also Wise v. Shinseki, 26 Vet. App. 517 (2014) (medical literature discussing a link between a disability and another disability or service did not have to be established to the point of being generally accepted in the scientific community); Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (noting that the extent to which a theory is accepted in the scientific community is a factor that the Board may use in evaluating scientific evidence but in a merits adjudication, the evidence need only reach equipoise).

In the Veteran's case, a nexus between the claimed left knee disability and the service connected right knee disability, the Board notes that the VA examiner concluded that the Veteran's service connected right knee disability did not cause or contribute to the current left knee disability. Dr. Salpietro has reached the opposite conclusion upon looking at the same evidence by concluding that the Veteran placed more stress or, as he put it, over use, on the left knee as a result of the Veteran relieving or minimalizing the right knee symptoms. Thus, there is competent medical evidence on the nexus question in favor of the claim and against the claim. 

Here, as already noted, the significant facts are not disputed, that is, evidence of a diagnosis of arthritis of the left knee resulting in a total knee replacement. The Veteran also has had a long standing right knee disability starting in service. The same set of facts, however, has resulted in contradictory conclusions. Accordingly, the Board finds that there is an approximate balance of positive and negative evidence, which does not satisfactorily prove or disprove the claim of service connection.

Given both positive and negative nexus opinions of seemingly equal probative value, the Board finds that the evidence of record is in equipoise as to the matter of whether the Veteran's current left knee disability is related to, caused by, or aggravated by the Veteran's right knee disability. The benefit of the doubt rule applies and is resolved in the Veteran's favor. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996); Brown v. Brown, 5 Vet. App. 413, 421 (1993). As there is a reasonable doubt, which is resolved in the Veteran's favor, 38 C.F.R. § 3.102, all three elements of service connection are satisfied, and the benefit sought on appeal is granted. 

Resolving doubt in favor of the Veteran, service connection for a left knee disability is warranted. 38 C.F.R. § 3.102. See also 38 U.S.C.A. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

New and material evidence having been received, the claim for service connection for left knee arthritis, status-post left knee replacement is reopened, and to this extent the appeal is granted.

Service connection for left knee arthritis, status-post left knee replacement, as secondary to right knee arthritis, status-post right knee replacement, is granted.

____________________________________________
KELLI KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs